GRIFFIS, J.,
Concurring in Part, Dissenting in Part.
¶ 61. For the reasons stated below, I must respectfully dissent from the majority’s ruling as to issues one and two. I concur with the majority as to the remaining issues.

I. Whether the chancellor erred in finding that Roland was required to pay health insurance premiums at a fixed rate and not at a rate commensurate with annual increases set by the insurer.

¶ 62. In his judgment after remand, the chancellor required Roland Weeks to pay Deborah Weeks’s insurance premium as part of his alimony obligation:
[Deborah] currently has enrolled in the Mississippi Insurance Risk Pool at a monthly premium of $516.00. Roland will pay this for [Deborah] as a part of his alimony obligation in addition to those sums previously designated as periodic alimony.
Following this ruling, Deborah’s insurance premium soon increased to $639 per month, but Roland refused to pay anything above the $516 per month. Upon Deborah’s motion to clarify this provision, the chancellor interpreted his judgment after remand as merely requiring Roland to pay $516 per month.
¶ 63. I agree with Deborah’s argument that the judgment after remand is ambiguous on this issue. It is unclear whether Roland is required to pay the exact amount of her monthly insurance premium or the fixed amount of $516. As a result of that ambiguity, this Court must interpret the meaning of the chancellor’s order.
¶ 64. Upon a de novo review of the order as a whole, it is my determination *94 that the chancellor initially intended for Roland to provide for Deborah’s monthly insurance premium as a part of his periodic alimony payments. The order required Roland to pay for vehicle insurance and health insurance premiums for his daughter, Alex, and did not set a specific or limited amount per month but required Roland to pay the entire premiums. Additionally, Deborah testified that, at the time, her premium was $502, but it would increase at the first of the year to $516. It was obvious that the chancellor included this increase in his order. Deborah correctly ai-gues that it would be inconsistent with the judgment as a whole to require Roland to pay $516 per month if Deborah’s insurance premium were to decrease.
¶ 65. Accordingly, I find that the chancellor’s original intent was to require Roland to pay the actual amount of her monthly health insurance premium and not the fixed amount of $516 per month. Therefore, it was error for the chancellor to rule in the final order that Roland was only required to pay $516 per month for Deborah’s medical insurance. I would reverse and render judgment on this issue.
II. Whether the chancellor erred in finding that Roland had complied with the order requiring him to maintain Deborah as an irrevocable beneficiary on an insitrance policy on his life.
¶ 66. In the chancellor’s judgment after remand, Roland was given the option of making Deborah an irrevocable beneficiary of an existing Hartford policy along with Roland’s current wife, Sharon, or creating a separate policy with Deborah as the irrevocable beneficiary. The record shows that Roland named Deborah as a beneficiary of a $300,000 policy in July 2004; however, there is no evidence that Deborah is in fact the irrevocable beneficiary or that Roland has continued to make the premium payments on the policy.
¶ 67. In his ruling on Deborah’s motion to reconsider, the chancellor declined to require Roland to provide Deborah with proof of the life insurance policy, despite the fact that he required Roland to provide Deborah with proof of coverage for the life insurance policy with Alex named as an irrevocable beneficiary and proof of other policies for car and health insurance. The chancellor’s final order did not find Roland in contempt for failure to maintain a life insurance policy as required by the judgment after remand. The chancellor failed to address the issue of whether Deborah was designated as an irrevocable beneficiary.
11 68. Here, the chancellor’s judgment after remand was clear that Roland must maintain a life insurance policy naming Deborah as the irrevocable beneficiary. Nevertheless, the evidence was insufficient to show that Deborah was in fact a beneficiary let alone an irrevocable beneficiary.
¶ 69. Logie and common sense dictate that where a chancellor orders one party to take a certain action then the chancellor should also require that party to provide proof that the action was taken to the other party for whose benefit the action was taken. Based on the record before us and the chancellor’s order, it is impossible for this Court to determine whether Roland is in contempt for not maintaining a policy with Deborah as the irrevocable beneficiary. Indeed, the only evidence that can establish Roland’s compliance could and should be documentary support provided by Roland showing his compliance with the chancellor’s order.
¶ 70. I find that the chancellor’s order is ambiguous as to how Roland is to coin-ply with the order. Because of this ambiguity, there is no possible way, short of further litigation, for Deborah to ever know whether she is in fact a beneficiary or to prove contempt because Roland is *95 the holder of the policy and has the information necessary to determine whether Deborah is an irrevocable beneficiary. The majority’s ruling encourages Deborah to commence another action to obtain discovery of this issue. I do not believe this Court should encourage litigation. The better and more principled course of action is to require a party to provide proof that he or she has complied with the requirement rather than require the other party to commence further litigation in order to discover whether the other party has done that which was ordered. Roland should have the burden to prove that he has indeed complied with this provision.
¶ 71. I would reverse and remand this issue for the chancellor to require that Roland provide Deborah and the chancery court proof that she is indeed an irrevocable beneficiary and proof of the premium payment on a yearly basis, just as he has done for the life insurance policy for Alex. I would also encourage chancellors to fashion their judgments to encourage the voluntary submission of proof of compliance rather than encourage secrecy and further litigation, as the majority does here.
CARLTON, J., JOINS THIS OPINION.